UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON RAY NEWSOME,<br><br>Plaintiff,<br><br>v.<br><br>M. LOTERZSTAIN, et al.,<br><br>Defendants. | No. 2:19-cv-307-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1) and a first amended complaint (ECF No. 10), he has also filed a motion to appoint counsel (ECF No. 3), an application to proceed in forma pauperis (ECF No. 4), and a motion for injunctive relief (ECF No. 12).

### Motion to Appoint Counsel

Plaintiff requests that the court appoint counsel to represent him because he is indigent. ECF No. 3. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases, however. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits

1

as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, his request to proceed in forma pauperis is granted.

### Screening

#### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

Plaintiff's lengthy complaint contains at least three unrelated claims and will be dismissed with leave to amend on that basis.

First, plaintiff alleges that defendant Dirisu, a certified nursing assistant, had a "wish list" of inmates he desired, for personal reasons, to transfer out of the California Medical Facility Outpatient Housing Unit ("OHU"). ECF No. 10 at 3. In July of 2017, plaintiff was on Dirisu's list and, as a consequence, Dirisu "began verbally and mentally abusing [him]." *Id.* Plaintiff filed an administrative grievance against Dirisu and the latter allegedly responded by enlisting defendant Loterzstain – a physician- who effected plaintiff's transfer out of the OHU. *Id.* at 3-4. Much of the remainder of plaintiff's complaint is devoted to alleging the negative consequences of the foregoing transfer. *Id.* at 4-11.

Second, plaintiff alleges that defendant Loterzstain was deliberately indifferent to his serious medical needs while he remained under her care. *Id.* at 12. Specifically, he claims that Loterzstain discontinued his physical therapy and curtailed inmates' pain medication on "a whole sale basis." *Id.*

Third, plaintiff contends that, in June of 2018, he suffered an injury to his left arm. *Id.* at 26. He alerted defendant Innis-Burton, a nurse, to the injury and asked that she examine it. *Id.* She allegedly made sarcastic comments and declined to do so. *Id.* Plaintiff claims that, as a consequence of not having his arm treated, it became infected and required transport to a local hospital for treatment. *Id.* He argues that Innis-Burton acted with deliberate indifference in refusing him treatment. *Id.* at 27.

These claims are insufficiently related to proceed in one action. For instance, alleged retaliation by defendants Dirisu and Loterzstain in 2017 is not factually or legally related to alleged deliberate indifference to medical needs by Innis-Burton in 2018. It is well settled that unrelated claims against different defendants belong in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

3

Plaintiff will be given leave to amend to correct the foregoing deficiencies.

III.     Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Motion for Injunctive relief</u>

Plaintiff's motion for injunctive relief must be denied. To satisfy the standard for a preliminary injunction,[1] plaintiff must, at a minimum, demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his complaint must be dismissed and at present he has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motion must be denied.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 3) is DENIED;

2. Plaintiff's application to proceed in forma pauperis (ECF No. 4) is GRANTED;

3. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

4. Plaintiff's amended complaint (ECF No. 10) is dismissed with leave to amend within 30 days of service of this order;

5. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein; and

6. The Clerk is directly to randomly assign a United States District Judge to this case.

/////

/////

/////

---

[1] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

Further, it is RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 12) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 7, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE