1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SHELDON RAY NEWSOME,                         No. 2:19-cv-307-JAM-EFB P

12                 Plaintiff,

13          v.                                      ORDER

14    M. LOTERZSTAIN, et al.,

15                 Defendants.

16

17          Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983.

18    The court dismissed his first amended complaint (ECF No. 14) and he now proceeds with his

19    second amended complaint (ECF No. 18).  The court must screen it.

20                                          Screening

21          I.     Legal Standards

22          Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

23    allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

24    which relief may be granted, or seeks monetary relief against an immune defendant.

25           Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

26    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

27    fails to set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*

28    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41

                                                    1

1 | (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

2 | his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

3 | a cause of action's elements will not do. Factual allegations must be enough to raise a right to

4 | relief above the speculative level on the assumption that all of the complaint's allegations are

5 | true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

6 | legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

7 | *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

8 |     In reviewing a complaint under this standard, the court must accept as true the allegations

9 | of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

10 | (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

11 | the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must

12 | satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

13 | 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

14 | pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

15 | grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

16 |     II.     Analysis

17 |     Plaintiff alleges that defendant Dirisu, a certified nursing assistant at the California

18 | Medical Facility ("CMF"), had a "wish list" of inmates he desired, for personal reasons, to

19 | transfer out of the CMF Outpatient Housing Unit ("OHU").  ECF No. 18 at 3.  In July of 2017,

20 | plaintiff was on Dirisu's list and, as a consequence, Dirisu "began verbally and mentally abusing

21 | [him]." *Id.*  Plaintiff filed an administrative grievance against Dirisu and the latter allegedly

22 | responded by enlisting the aid of defendant Loterzstain – a CMF physician – who effected

23 | plaintiff's transfer out of the OHU. *Id.* at 3-4.  The transfer allegedly resulted in an aggravation

24 | of plaintiff's chronic medical conditions. *Id.* at 6-8.

25 |     Plaintiff also alleges that Loterzstain was deliberately indifferent to his medical needs

26 | insofar as she: (1) discontinued his pain medication; (2) offered no treatment for his swelling

27 | hands; (3) removed him from the care of the University of California San Francisco's neurology

28 | department; and (4) discontinued his physical therapy. *Id.* at 10-11.  Plaintiff appears to allege

2

that the deficient care offered by Loterzstain was also undertaken in retaliation for his grievances filed against Dirisu. *Id.* at 14.

The court finds that the foregoing allegations, taken as true, are sufficient to state: (1) a First Amendment retaliation claim against defendants Dirisu and Loterzstain and; (2) an Eighth Amendment medical deliberate indifference claim against Loterzstain.[1] The court also finds that the claims arise out of "a common core of facts" and thus, are sufficiently related to proceed together. *See Thorne v. El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986) ("[R]elated claims will involve 'a common core of facts' or will be based on related legal theories while unrelated claims will be 'distinctly different,' and based on different facts and legal theories.") (internal citations omitted). The remaining claims and parties in the complaint will be dismissed with leave to amend.

Plaintiff alleges that Lori W. Austin – the Chief Executive Officer of "CMF" – denied his medical grievance appeals. ECF No. 18 at 18. He claims that, by doing so, she effectively acted in concert with Dirisu and Loterzstain. *Id.* But prisoners have no stand-alone due process rights related to the grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). And plaintiff has failed to allege facts indicating that Austin was aware of the retaliation purportedly undertaken by Dirisu and Loterzstain.

Plaintiff also claims that the actions of Dirisu and Loterzstain violated his equal protection rights under the Fourteenth Amendment. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on his membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Here, plaintiff has failed to allege facts indicating that defendants acted with that purpose or intent. Instead, the complaint appears to allege that Dirisu (and subsequently Loterzstain) acted /////

---

[1] At various points, plaintiff appears to allege that defendant Dirisu also provided him with constitutionally deficient medical care. *See*, *e.g.*, ECF No. 18 at 18. But the complaint fails to adequately describe what treatment Dirisu offered (or failed to offer). Instead, all of the allegedly inadequate care is attributed to Loterzstain.

3

1 against plaintiff because of his use of the grievance system, rather than his membership in any

2 protected class.

3       Finally, plaintiff alleges that the actions of Dirisu and Loterzstain violated his rights under

4 42 U.S.C. § 1985(3). To state a violation of § 1985(3), a plaintiff must "allege and prove four

5 elements:"

6

7         (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

8

9

10 *Fazaga v. Fed. Bureau of Investigation*, 916 F.3d 1202, 1245 (9th Cir. 2019). As with his

11 Fourteenth Amendment equal protection claim, plaintiff has failed to allege that defendants

12 discriminated against him on the basis of race or any other protected class. Thus, he has failed to

13 allege the "invidiously discriminatory, racial or class-based animus, which is necessary to state a

14 claim under section 1985(3)." *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989).

15       III.    Leave to Amend

16       Plaintiff has a choice to make. He may proceed with his First Amendment claims against

17 Dirisu and Loterzstain and his Eighth Amendment claim against Loterzstain. Alternatively, he

18 may file another amended complaint to remedy, if he can, the deficiencies in his other claims.

19 Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who

20 personally participated in a substantial way in depriving him of his constitutional rights. *Johnson*

21 *v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

22 constitutional right if he does an act, participates in another's act or omits to perform an act he is

23 legally required to do that causes the alleged deprivation). Plaintiff may also include any

24 allegations based on state law that are so closely related to his federal allegations that "they form

25 the same case or controversy." *See* 28 U.S.C. § 1367(a).

26       The amended complaint must also contain a caption including the names of all defendants.

27 Fed. R. Civ. P. 10(a).

28 /////

4

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See*

*George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against

multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself

without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

1967)).

Any amended complaint should be as concise as possible in fulfilling the above

requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual

background which has no bearing on his legal claims. He should also take pains to ensure that his

amended complaint is as legible as possible. This refers not only to penmanship, but also spacing

and organization. Plaintiff should carefully consider whether each of the defendants he names

actually had involvement in the constitutional violations he alleges. A "scattershot" approach in

which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

Accordingly, it is ORDERED that:

1.      Plaintiff's complaint alleges, for screening purposes, a viable First Amendment

        retaliation claim against defendants Dirisu and Loterzstain and a viable Eighth

        Amendment deliberate indifference claim against defendant Loterzstain;

2.      All other claims are dismissed with leave to amend within 30 days of service of

        this order. Plaintiff is not obligated to amend his complaint;

3.      Within thirty days plaintiff shall return the notice below advising the court whether

        he elects to proceed with the cognizable claims or file an amended complaint. If

        the former option is selected and returned, the court will enter an order directing

        service at that time; and

1       4.      Failure to comply with any part of this this order may result in dismissal of this

2      action.

3  DATED:  December 19, 2019.

                                   EDMUND F. BRENNAN
4                                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON RAY NEWSOME, | No. 2:19-cv-307-JAM-EFB P |
| Plaintiff, | |
| v. | NOTICE |
| M. LOTERZSTAIN, et al., | |
| Defendants. | |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the First Amendment retaliation claims against defendants Dirisu and Loterzstain and the Eighth Amendment deliberate indifference claim against defendant Loterzstain.

OR

(2) _____ delay serving any defendant and files an amended complaint.

_____

Plaintiff

Dated:

7