UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON RAY NEWSOME,<br><br>  Plaintiff,<br><br>v.<br><br>M. LOTERZSTAIN, *et al.*,<br><br>  Defendants. | Case No. 2:19-cv-00307-JAM-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>ECF No. 43<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Sheldon Ray Newsome has filed a motion for preliminary injunction and seeks an order directing non-party prison officials at the California Medical Facility to stop their recent acts of retaliation against him for filing lawsuits. ECF No. 43 at 11. I recommend that the motion be denied because it is based on allegations unrelated to the claims in this suit.

**Legal Standards**

A federal district court may issue injunctive relief only if the court has both personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). The court may not determine the rights of persons not before it. *See Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir.

1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Rule 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). A permanent injunction may be granted only after a final hearing on the merits. *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir.1993) ("As a general rule, a permanent injunction will be granted when liability has been established . . . .").

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). As the Ninth Circuit has previously observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

**Analysis**

In his complaint, plaintiff alleges that defendants Dirisu and Lotersztain orchestrated his transfer to a different prison in retaliation for his filing of grievances. ECF No. 18 at 3-4. Plaintiff also claims that defendant Lotersztain was deliberately indifferent to his serious medical needs. *Id.* at 10-11. The conduct complained of in the complaint occurred in 2017. *Id.* at 3. By contrast, plaintiff's motion for preliminary injunction concerns acts of retaliation by non-party prison officials in 2020. *See, e.g.*, ECF No. 43 at 2. A motion for preliminary injunction must relate to the allegations in the complaint. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (holding that a preliminary injunction cannot address "a matter lying wholly outside the issues in the suit"); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). And the acts alleged in the motion do not appear to have restricted plaintiff's access to the courts. In the months after he filed his motion, plaintiff submitted exhibits that related to his complaint, ECF No. 50, and a reply to defendants' opposition to his motion, ECF No. 51. And, as best I can tell, plaintiff does not allege that his access to the courts has been restricted in any specific way. Thus, the Ninth Circuit's exception to the relation requirement does not apply. *See Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990) (holding that, where a motion for injunctive relief relates to an inmate's access to the courts, the relation requirement does not apply).

Plaintiff's motion should also be denied because it seeks to enjoin individuals who are not parties to this action. *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). As defendants point out, none of the non-parties' conduct is alleged to be connected to Dirisu or Lotersztain who, the parties agree, no longer work for the California Department of Corrections and Rehabilitation. ECF No. 43 at 17; ECF No. 49 at 3.

For the above reasons, it is RECOMMENDED that plaintiff's motion for preliminary injunction, ECF No. 43, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: June 2, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE