UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON RAY NEWSOME, | Case No. 2:19-cv-00307-DAD-JDP (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR LEAVE TO AMEND BE DENIED AND THAT PLAINTIFF'S MOTION FOR CLARIFICATION BE DENIED |
| v. | |
| M. LOTERZSTAIN, *et al.*, | |
| Defendants. | ECF Nos. 84 & 94 |
| | ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO TIMELY FILE A RESPONSE TO PLAINTIFF'S SPOLIATION MOTION |
| | ECF No. 97 |
| | FOURTEEN-DAY DEADLINE FOR OBJECTIONS AND TO SHOW CAUSE |

Plaintiff filed the operative second amended complaint on September 19, 2019, alleging that defendants violated his First and Eighth Amendment rights by retaliating against him and denying him adequate medical care. ECF No. 18. In November 2020, I issued a scheduling order directing the parties to complete discovery and directing plaintiff to file an amended complaint, if any, by April 16, 2021. ECF No. 48. In January 2022, after twice modifying the scheduling order, ECF Nos. 53 & 59, I granted defendants' motion to vacate the discovery and dispositive motions deadlines and notified the parties that I would issue an amended scheduling order

following resolution of defendants' summary judgment motion for failure to exhaust administrative remedies, ECF No. 61; *see* ECF No. 72.  In August 2022, I issued findings and recommendations that defendants' motion for summary judgment be granted, and that plaintiff's two motions for injunctive relief, ECF Nos. 65 & 70, be denied; if adopted, this action will proceed only on plaintiff's retaliation claim and a portion of his deliberate indifference claims against defendant Lotersztain.  ECF No. 90 at 12.

In addition to those motions for which I have issued findings and recommendations, plaintiff has filed three motions that are now pending before this court.  The first is a motion for leave to amend the complaint, filed with a proposed third amended complaint.  ECF Nos. 84 & 85.  For the reasons below, I recommend that this motion be denied.  The second motion seeks clarification of my earlier findings and recommendations regarding defendants' motion for summary judgment; plaintiff contends that resolution of that motion was premature in light of the additional claims in his proposed third amended complaint.  ECF No. 94.  Because I recommend denying leave to amend, his second motion should be denied as moot.  Finally, plaintiff has filed a motion for sanctions based on spoliation of evidence.  ECF No. 97.  Defendants have not responded.

**Motion for Leave to Amend**

Plaintiff filed his motion for leave to amend on July 22, 2022, ECF No. 84, more than a year after the April 16, 2021 deadline set by the scheduling order, ECF No. 48.  Where a request to amend comes after the deadline set by the scheduling order, it is Rule 16 of the Federal Rules of Civil Procedure—not the more permissive Rule 15—that controls.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.  Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15.").  Under Rule 16, a party must show good cause for not moving to amend within the deadline.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  Plaintiff has not made that showing here.

By his proposed third amended complaint, plaintiff seeks to add a new state law claim

against a correctional officer named Mohmand—not previously named in any complaint—for the "misplacement and/or destruction" of his legal property between August 2021 and March 2022. *See* ECF No. 85 at 19-23. He contends that there is good cause to amend the scheduling order because this claim did not accrue until March 2022, and he did not exhaust his Government Claim until June 14, 2022. ECF No. 84. This explanation potentially suffices to show that plaintiff could not reasonably have met the scheduling order's deadline despite his diligent efforts—the core of the "good cause" inquiry. *See Johnson*, 975 F.2d at 609 (explaining that "'good cause' means scheduling deadlines cannot be met despite party's diligence") (internal citations omitted).

Nevertheless, leave to amend should be denied because the amendment would be futile. *See id*. at 608 (explaining that even upon a showing of good cause, "the party must demonstrate that amendment was proper under Rule 15") (internal citations omitted). The allegations against Mohmand fall well outside the scope of this case and do not meet the requirements for permissive joinder under Rule 20. Multiple parties may only be "joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(2)(a). Plaintiff's allegations against Mohmand center on unrelated actions taken approximately four years after the events at issue in this case and without the participation of either defendant Loterzstain or Dirisu. *See* ECF No. 85 at 19-23. The only apparent connection between these allegations and the instant action is that the loss of plaintiff's legal property has allegedly impaired his capacity to litigate. *See id.* Such a tangential connection, however, does not amount to "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(2)(a); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."). If plaintiff wishes to litigate distinct claims, he must file multiple actions.

## Motion for Clarification

Plaintiff moves for clarification of my earlier findings and recommendations in light of the novel allegations in his proposed third amended complaint. ECF No. 94. He contends that resolution of defendants' motion for summary judgment was rendered premature by the filing of

3

1   his motion to amend. *Id.* at 1. Because I recommend that his motion to amend be denied, this
2   motion should be denied as moot.

3                                              **Motion for Sanctions**

4       Finally, on October 26, 2022, plaintiff filed a motion for sanctions based on spoliation of
5   evidence. Defendants have not filed a response. In cases where a party is incarcerated and
6   proceeding without counsel, a responding party is required to file an opposition or statement of
7   non-opposition not more twenty-one days after the date the motion is served. E.D. Cal. L.R.
8   230(l). Failure "to file an opposition or to file a statement of no opposition may be deemed a
9   waiver of any opposition to the granting of the motion and may result in the imposition of
10  sanctions." *Id*.

11      Defendants will be ordered to show cause why sanctions should not be imposed for their
12  failure to timely file a response to plaintiff's motion. ECF No. 54; *see* E.D. Cal. L.R. 110
13  ("Failure of counsel or of a party to comply with [the Local] Rules or any order of the Court may
14  be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or
15  within the inherent power of the Court.").

16      Accordingly, it is hereby ORDERED that:

17      1. Defendants shall show cause, within fourteen days of the date of this order, why
18  sanctions should not be imposed for their failure to timely file a response to plaintiff's motion.

19      2. Within fourteen days of this order, defendants shall file either an opposition or
20  statement of non-opposition to plaintiff's motion.

21      3. Plaintiff may file a reply to defendants' opposition, if any, seven days thereafter.

22      4. Failure to comply with this order may result in the imposition of sanctions, including a
23  recommendation that defendants' answer be stricken and their default entered.

24      Further, it is hereby RECOMMENDED that:

25      1. Plaintiff's motion for leave to amend the complaint, ECF No. 84, be denied; and

26      2. plaintiff's motion for clarification, ECF No. 94, be denied as moot.

27      I submit these findings and recommendations to the district judge under 28 U.S.C.
28  § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

Eastern District of California.  Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    December 16, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE