UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON RAY NEWSOME,<br><br>Plaintiff,<br><br>v.<br><br>M. LOTERZSTAIN, et al.,<br><br>Defendants. | No. 2:19-cv-00307-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF<br><br>(Doc. Nos. 61, 65, 70, 90) |

Plaintiff Sheldon Ray Newsome is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 26, 2022, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for partial summary judgment (Doc. No. 61) be granted and that plaintiff's motions for injunctive relief (Doc. Nos. 65, 70) be denied. (Doc. No. 90.) Specifically, the magistrate judge recommended that plaintiff's first motion for injunctive relief pertaining to allegedly missing legal property (Doc. No. 65) be denied due to the court's lack of jurisdiction because plaintiff did not identify what actions were taken, or could have been taken, by the two named defendants in this case (a physician and nurse from his prior prison of confinement) related to his mail and legal property, or how the alleged tampering with his legal

1

mail related to this case. (*Id.* at 2.) Next, the magistrate judge recommended that plaintiff's second motion for injunctive relief pertaining to plaintiff's request that he be transferred to a different prison (Doc. No. 70) be denied as moot because, as plaintiff has acknowledged, he had since been transferred to one of his preferred prison medical facilities. (*Id.* at 3–4.) The magistrate judge also recommended that the court grant defendant's motion for partial summary judgment (Doc. No. 61) due to plaintiff's failure to exhaust his administrative remedies with regard to his retaliation claim brought against defendant Dirisu and with regard to certain allegations underlying his deliberate indifference claim brought against defendant Loterzstain. (*Id.* at 8–12.) In particular, after a thorough review of the evidentiary record before the court on summary judgment, the magistrate judge concluded that plaintiff had exhausted his administrative remedies as to his deliberate indifference claim brought against defendant Loterzstain but only to the extent that claim is predicated on "the transfer from [California Medical Facility Outpatient Housing Unit ("CMF OHU")] and the deprivation of his access to UCSF specialists." (*Id.* at 12.) Accordingly, the magistrate judge recommended dismissal of defendant Dirisu from this action and the dismissal of plaintiff's retaliation claim brought against defendant Loterzstain to the extent that claim is predicated on plaintiff's allegations that defendant Loterzstain "denied him treatment for his hands, discontinued his pain medication, and discontinued his physical therapy." (*Id.*)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) On October 14, 2022, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 96.) Defendants did not file a response thereto or objections of their own.

In his objections, plaintiff appears to challenge the recommendation that his first motion for injunctive relief be denied on the grounds that the magistrate judge improperly made credibility determinations regarding plaintiff's representations to the court as to alleged mail tampering and issues with his missing legal property. (Doc. No. 96 at 2–4.) However, plaintiff misunderstands the basis for the magistrate judge's recommendation that his first motion for injunctive relief be denied. In this regard, the pending findings and recommendations correctly

conclude that this court lacks the jurisdiction to grant the injunctive relief plaintiff has requested because that relief does not pertain to the claims he has brought in this action or to the two defendants named in this action.  Plaintiff does not object to the recommendation that his second motion for injunctive relief be denied as having been rendered moot by his subsequent transfer to a different facility.  Lastly, plaintiff objects to the recommendation that defendant's motion for partial summary judgment be granted because he did not have the benefit of counsel to assist him in opposing that motion; his prior motion to appoint counsel had been denied.  (*Id.* at 8.)  Plaintiff also argues that magistrate judge erred in concluding that he "did not provide sufficient notice to prison administrators of plaintiff's claim that [defendant] Dirisu participated in the alleged retaliation," because he mentioned defendant Dirisu in his administrative appeal.  (*See* Doc. No. 90 at 10.)  However, as the magistrate judge correctly found, in plaintiff's exhausted 602 administrative appeal, plaintiff had complained that he was "being shown a form of reprisal by Dr. Loterzstain for filling [out] 602's on CNA F. Dirisu, and SRN II Croll," plaintiff's grievance did not allege any participation or involvement by Dirisu.  (*Id.* at 9.)  Thus, plaintiff's objections do not provide any basis upon which to reject the pending findings and recommendations in this respect either.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on August 26, 2022 (Doc. No. 90) are adopted in full;
2. Plaintiff's motions for injunctive relief (Doc. Nos. 65, 70) are denied;
3. Defendants' motion for partial summary judgment (Doc. No. 61) is granted;
   a. Plaintiff's retaliation claim against defendant F. Dirisu is dismissed due to plaintiff's failure to exhaust his administrative remedies;

/////

        b.      Plaintiff's deliberate indifference claim brought against defendant Loterzstain is dismissed to the extent that claim is based on plaintiff's allegations that defendant Loterzstain "denied him treatment for his hands, discontinued his pain medication, and discontinued his physical therapy," because plaintiff did not exhaust administrative remedies as to those allegations;

        c.      Defendant F. Dirisu is terminated as a named defendant in this action;

4. The Clerk of the Court is directed to update the docket to reflect that defendant F. Dirisu has been terminated from this action;

5. This action now proceeds only on plaintiff's claims brought against defendant Loterzstain for retaliation and for deliberate indifference related to plaintiff's transfer from CMF OHU and the alleged deprivation of his access to specialists at UCSF; and

6. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **February 13, 2023**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE