UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON RAY NEWSOME,<br><br>    Plaintiff,<br><br>    v.<br><br>M. LOTERZSTAIN,<br><br>    Defendant. | No.  2:19-cv-00307-DAD-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 122) |

Plaintiff Sheldon Ray Newsome is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 14, 2023, the undersigned issued an order adopting the assigned magistrate judge's findings and recommendations (Doc. No. 98) and denying plaintiff's motion for leave to file a third amended complaint (Doc. No. 84) because plaintiff had not demonstrated good cause to modify the scheduling order issued in this case.  (Doc. No. 120.)  On November 21, 2022, plaintiff filed the pending motion for reconsideration of the court's March 14, 2023 order.  (Doc. No. 122.)

Although in his motion plaintiff purports to invoke Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, the applicable rule governing plaintiff's motion is actually Rule 54, which provides that "any order or other decision, however designated, that adjudicates fewer than

1

all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." Fed. R. Civ. P. 54(b). In contrast, Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding," for certain reasons. Fed. R. Civ. P. 60(b) (emphasis added). Because the court's March 14, 2023 order denying plaintiff's motion for leave to file a third amended complaint does not "end this action," Rule 54(b) provides the basis for possible reconsideration of that order. The Ninth Circuit has "long recognized 'the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory.'" *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.") (citation omitted).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration does not, however, give the moving party a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (citation omitted).

In addition, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered. L.R. 230(j).

Here, plaintiff's motion does not identify any basis upon which reconsideration of the court's March 14, 2023 order would be appropriate. Rather, plaintiff merely asserts that he has suffered and will continue to suffer because he "has been deliberately deprived of adequate health

2

care and treatment" by "prison authorities." (Doc. No. 122 at 2.) Plaintiff does not, however, address the substance and analysis of the March 14, 2023 order, in which the court explained that plaintiff sought leave to file a third amended complaint over a year after the deadline to do so had passed, and the amendments plaintiff proposed to his complaint in this action would not be proper in any event because he sought to add a new defendant based on unrelated events. (Doc. No. 120 at 1.) In his motion for reconsideration, plaintiff also appears to contend that the court has erred by not appointing counsel to represent him in this action. (Doc. No. 122 at 3.) However, that contention was not at issue or addressed in the March 14, 2023. Moreover, the docket reflects that plaintiff filed a motion to appoint counsel on February 2, 2023 and another motion for the appointment of counsel on February 6, 2023, and both of those motions remain pending before the assigned magistrate judge. (Doc. Nos. 105, 107.) In short, plaintiff has simply not articulated any basis for the court to reconsider its March 14, 2023 order.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 122) is denied; and

2. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **April 24, 2023**                    _____
                                               UNITED STATES DISTRICT JUDGE

3