UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON RAY NEWSOME,<br><br>Plaintiff,<br><br>v.<br><br>LOTERZSTAIN,<br><br>Defendant. | Case No. 2:19-cv-00307-DAD-JDP (PC)<br><br>ORDER |

Plaintiff Sheldon Newsome, a state prisoner proceeding without counsel in this action under 42 U.S.C. § 1983, alleges that defendant Loterzstain violated his First and Eighth Amendment rights by retaliating against him and denying him adequate medical care. Pending before me is plaintiff's motion for sanctions for spoliation wherein he claims that non-party correctional officer ("CO") F. Mohmand deliberately destroyed all his legal materials in retaliation for plaintiff's refusal to engage in abusive conduct towards another inmate. ECF No. 97. Plaintiff seeks sanctions against the California Department of Corrections and Rehabilitation and monetary damages for himself. He also asks that judgment be entered for him on the merits due to CO Mohmand's conduct. Defendant opposes the motion. ECF No. 101. On review, I find that plaintiff has not met the criteria warranting sanctions. His motion will therefore be denied.

**Legal Standard**[1]

"A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Med. Lab. Mgmt. Consultants v. ABC*, 306 F.3d 806, 824 (9th Cir. 2002); *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Sanctions for spoliation of evidence may be imposed under the court's inherent powers to manage its own affairs. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Courts also have authority to sanction a party pursuant to Rule 37 for failure either to make disclosures or to cooperate in discovery. *See* Fed. R. Civ. P. 37. Possible sanctions available include default or dismissal of claims or defenses, preclusion of evidence, an adverse inference instruction, and monetary sanctions. *See Leon*, 464 F.3d at 958-59; *Glover*, 6 F.3d at 1329; *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006); *see also Caruso v. Solorio*, 2021 WL 3514610, at *9 (E.D. Cal. Aug. 9, 2021).

Courts look to a three-part test to determine whether sanctions for spoliation should be imposed:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a "culpable state of mind" and (3) that the evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989-90 (N.D. Cal. 2012). To decide which specific spoliation sanction to impose, courts generally consider three factors: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party. *See Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D. Cal. 2013) (citing *Apple Inc.*, 888 F. Supp. 2d at 992); *see also Cont'l Cas. Co. v. St. Paul Surplus Lines Ins. Co.*, 265 F.R.D. 510, 533 (E.D. Cal. 2010).

---

[1] Plaintiff bring his motion for sanctions under Federal Rule of Evidence 1004. However, I find that rule inapplicable; it relates to the admissibility of evidence of the content of a writing, record, or photograph. I will therefore construe the motion for sanctions as having been brought pursuant to Federal Rule of Civil Procedure 37 and this court's inherent powers.

Any sanction should be designed to (1) deter parties from destroying evidence; (2) place the risk of an erroneous evaluation of the content of the destroyed evidence on the party responsible for its destruction; and (3) restore the party harmed by the loss of evidence helpful to its case to where the party would have been in the absence of spoliation. *See Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1052 (S.D. Cal. 2015); *Apple Inc.*, 888 F. Supp. 2d at 992 n.10; *Reinsdorf*, 296 F.R.D. at 626. Sanctions under the court's "inherent powers must be exercised with restraint" and should be appropriate to the conduct that triggered the sanction. *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)).

**Discussion**

**A. Plaintiff's Assertions Regarding his Legal Property**

Plaintiff claims that, while housed at California Medical Facility ("CMF"), CO Mohmand directed him to assault another inmate, William Garcia. Plaintiff refused the directive, leading CO Mohmand to target plaintiff by issuing falsified Rules Violation Reports ("RVR") and having him placed repeatedly in administrative segregation ("Ad-Seg").

On March 20, 2021, plaintiff asserts that he was placed in Ad-Seg due to yet another falsified RVR issued by CO Mohmand. ECF No. 97 at 4. The property inventory log accompanying his placement indicates that he possessed legal materials at the time. *See id.* at 18. Plaintiff states that these materials were related to two pending lawsuits (including this case), and he was collecting evidence to initiate a third lawsuit against CO Mohmand. *Id.* at 4-5.

Plaintiff was again placed in Ad-Seg on August 9, 2021, for a falsified RVR issued by CO Mohmand.[2] *Id.* at 4. As a result of the RVR, plaintiff was set to be transferred to California Health Care Facility ("CHCF"). *Id.* at 4-5.

Plaintiff blames the loss of his legal materials on CO Mohmand. He submits a declaration by James Earl Nelson, an inmate who claims to have witnessed CO Mohmand enter plaintiff's

---

[2] CO Mohmand drafted an RVR on July 29, 2021, after plaintiff reportedly said, "fuck you bitch your days just number, and I will get you." *See* ECF No. 101-3 at 6. Plaintiff was found guilty at a disciplinary hearing and assessed 60 days of good time credits. *Id.* at 15-16.

CMF housing unit on August 9, 2021, with two boxes of plaintiff's legal property. *Id.* at 5, 26-27. When Nelson asked CO Mohmand if plaintiff was moving into the unit, the officer responded that she was "just taking care of his legal property." *Id.* at 26.

### B. Defendant's Opposition

Defendant opposes plaintiff's motion, arguing that there is no evidence that he was involved in the alleged loss of plaintiff's legal materials. Defendant also submits evidence undercutting several of plaintiff's claims. For example, plaintiff asserts that he was housed in Ad-Seg on March 20, 2021, due to a falsified RVR, but prison records show that he was transferred from CMF's general population to San Joaquin General Hospital that day for an emergency medical visit, returning nine days later. ECF No. 101-4 at 33. Prison records also indicate that plaintiff was not housed in Ad-Seg on March 20. ECF No. 101-2 at 25. Further, CO Mohmand was apparently not working on March 20 (suggesting that she may not have had a role in inventorying plaintiff's property that day) or on August 9 (undercutting inmate Nelson's claim that he saw her moving plaintiff's property). ECF No. 101-2 at 2-3, 19, 23. CO Mohmand also submits a declaration denying plaintiff's claims that she targeted inmate Garcia or any other inmate, that she falsified RVRs, or that she had any involvement in inventorying, boxing up, or moving any of plaintiff's property on the dates in question. ECF No. 101-3 at 2-3.

In addition, defendant submits evidence showing that plaintiff was transferred several times between November 2021 and March 2022. *See* ECF No. 101-4 at 23. The inventory logs accompanying these transfers are summarized here in relevant part:

- August 9, 2021: Plaintiff's property was consolidated into 12 boxes, including three boxes of "mail," but the checkbox next to "Legal Material" was unchecked. ECF No. 101-2 at 13.
- November 7, 2021: Plaintiff was transferred with 12 boxes of personal property, but the checkbox next to "Legal Material" was unchecked. ECF No. 101-2 at 12.
- February 17, 2022: Plaintiff possessed 1 bag and 3 boxes of property, and the checkbox next to "Legal Material" was checked. ECF No. 101-2 at 9.
- March 4, 2022: Plaintiff possessed 2 bags and 10 boxes of property, including 1

4

box of "misc legal & personal paper work," but the checkbox next to "Legal Material" was unchecked.  ECF No. 101-2 at 8.

### C. Analysis

I find sanctions are not warranted on the facts presented.  As an initial matter, plaintiff has not shown either that the court has jurisdiction over non-party CO Mohmand or that defendant was involved in the alleged loss of plaintiff's legal materials.  Also crucially, plaintiff has not identified any missing materials that are relevant to the instant case, negating an essential element required to find spoliation.  And plaintiff's theory that CO Mohmand was responsible for his lost property is undercut by prison records showing that she was not working on two significant dates.  Further, the property inventory log accompanying plaintiff's later placement in Ad-Seg makes no mention of legal materials.  ECF No. 97 at 20.  Property inventory logs created on November 7, 2021—following his transfer out of CMF—and on March 4, 2022—following his arrival at CHCF—similarly make no mention of legal materials.  *Id.* at 22 & 24.  For these reasons, plaintiff's motion, ECF No. 97, is denied.

IT IS SO ORDERED.

Dated:   July 17, 2023

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5