1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHELDON RAY NEWSOME,                    Case No.  2:19-cv-00307-DAD-JDP (PC)

12              Plaintiff,

13         v.                                ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   M. LOTERZSTAIN, *et al.*,

15              Defendants.

16

17         Pending before me are numerous motions, primarily filed by plaintiff.

18                  **Plaintiff's Motions to Appoint Counsel**

19         Plaintiff has filed numerous motions to appoint counsel.  ECF Nos. 105, 107, 131, & 136.

20   I will deny all of these motions.  Plaintiff has also filed a related motion to attach exhibits to his

21   last motion to appoint counsel.  ECF No. 137.  I will grant this motion, and I have considered the

22   attached exhibits in my decision.

23         Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand*

24   *v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to

25   represent plaintiff.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S.

26   296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C.

27   § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford

28   counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, I will seek

                                        1

1   volunteer counsel only in exceptional circumstances.  In determining whether such circumstances

2   exist, "the district court must evaluate both the likelihood of success on the merits [and] the

3   ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues

4   involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

5          I cannot conclude that exceptional circumstances requiring the appointment of counsel are

6   present here.  Plaintiff alleges that medical conditions, specifically clawed hands and a lack of

7   education, weigh in favor of appointment of counsel.  ECF Nos. 107 at 2 & 136 at 1-2.  Thus far,

8   however, he has proven able to file numerous motions on his own.  Plaintiff may request

9   reasonable extensions of time when necessary.

10                                    **Motions for Sanctions**

11         Plaintiff has filed two motions for sanctions, ECF Nos. 110 & 134, wherein he argues that

12  defendants should be sanctioned for interfering with his access to courts by confiscating and

13  possibly destroying his personal property.  ECF No. 110 at 8.  These are the same arguments that

14  I recently rejected in a separate order.  ECF No. 135.  Accordingly, these other motions for

15  sanctions are also denied.  I will also deny defendants' motion for clarification of the motion for

16  sanctions, ECF No. 114, as moot.

17                              **Motion to Strike Notice of Appeal**

18         Plaintiff requests that his notice of appeal, ECF No. 111, be stricken.  ECF No. 115.  Any

19  request to withdraw an appeal must be filed with the Court of Appeals and, moreover, it appears

20  that plaintiff's appeal has already been dismissed.  ECF No. 118.  This motion is denied.

21                               **Request for Judicial Notice**

22         Plaintiff has filed a "request for judicial notice" that is, in fact, a list of complaints

23  regarding his litigative resources and access to courts.  ECF No. 116 at 2-4.  Plaintiff requests

24  appointment of counsel and certificates of appeal in two of his other cases that have been

25  dismissed.  *Id.* at 4.  His request for counsel is denied for the same reasons cited above in the

26  denial of his motions for appointment of counsel.  Additionally, I cannot grant or modify a

27  certificate of appeal in another case; claims for such relief must be brought in the case in which

28

                                                  2

1   the certificate was denied.  Defendant's request for clarification as to this motion, ECF No. 121,

2   is denied as moot.

3                              **Motions for Extension of Time**

4         Plaintiff asks for an extension of time and references Judge Drozd's February 24, 2023

5   order adopting my findings and recommendations.  ECF No. 117.  Plaintiff does not state what he

6   needs an extension of time to do and, as such, his motion is denied.

7         Similarly, plaintiff's motion for extension of time to respond to Judge Drozd's order

8   denying his motion for reconsideration, ECF No. 127, is DENIED.  No response to Judge Drozd's

9   final order is contemplated by the federal rules of civil procedure.

10                             **Motions for Medical Evaluation**

11        Finally, plaintiff has filed two motions seeking an order directing the California Health

12  Care Facility to medically evaluate him.  ECF Nos. 130 & 133.  Therein, he alleges that a non-

13  defendant physician, Shafali Awatani and Francis Ko, have refused to follow unspecified care

14  recommendations from outside physicians.  ECF No. 130 at 1-2.  I construe these as motions for

15  preliminary injunctive relief and recommend that they be denied as insufficiently related to the

16  allegations against other defendants at issue in this suit.  *See Pac. Radiation Oncology, LLC v.*

17  *Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("A preliminary injunction is appropriate

18  when it grants relief of the same nature as that to be finally granted.").

19        Accordingly, it is hereby ORDERED that:

20        1.      Plaintiff's motions to appoint counsel, ECF Nos. 105, 107, 131, & 136, motions

21  for sanctions, ECF Nos. 110 & 134, motion to strike, ECF No. 115, request for judicial notice,

22  ECF No. 116, and motions for extensions of time, ECF Nos. 117 & 127, are DENIED.  His

23  motion to file exhibits, ECF No. 137, is GRANTED.

24        2.      Defendant's requests for clarification, ECF Nos. 114 & 121, are DENIED as moot.

25        Further, it is hereby RECOMMENDED that:

26        1.      Plaintiff's motions for medical evaluation, ECF Nos. 130 & 133, construed as

27  motions for preliminary injunctive relief, be DENIED.

28        These findings and recommendations are submitted to the United States District Judge

                                              3

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

service of these findings and recommendations, any party may file written objections with the

court and serve a copy on all parties.  Such document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."  Any response shall be served and filed

within fourteen days of service of the objections.  The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order.

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

1991).


IT IS SO ORDERED.


Dated:    July 28, 2023                                 _____

                                                       JEREMY D. PETERSON
                                                       UNITED STATES MAGISTRATE JUDGE

4