UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON RAY NEWSOME,<br><br>  Plaintiff,<br><br>  v.<br><br>M. LOTERZSTAIN, *et al.*,<br><br>  Defendants. | Case No.  2:19-cv-00307-DAD-JDP (PC)<br><br>**ORDER**<br><br>DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>ECF No. 158 |

    Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  Pending is plaintiff's motion to appoint counsel.  ECF No. 158.

    Plaintiff does not have a constitutional right to appointed counsel, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court can request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of

1

the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

      I cannot find that the appointment of counsel is warranted here. As an initial matter, plaintiff seeks the appointment of counsel to represent him at a status conference, but that conference has been vacated. ECF No. 158 at 1. Additionally, the allegations in the complaint are not exceptionally complicated and plaintiff has not demonstrated that he is likely to succeed on the merits.

      Accordingly, it is hereby ORDERED that plaintiff's motion to appoint counsel, ECF No. 158, is denied.

IT IS SO ORDERED.

Dated:   March 12, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2