UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON RAY NEWSOME, | Case No. 2:19-cv-0307-DAD-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M. LOTERSZTAIN, | |
| Defendant. | |

      Plaintiff, a state prisoner, brought this action under section 1983 alleging that defendant M. Lotersztain violated his Eighth Amendment rights by removing him from the Out-Patient Housing Unit ("OHU"), and his First Amendment rights by doing so in retaliation for his reports about another provider's misconduct. ECF No. 18 at 5, 14-15. Plaintiff has filed a motion for summary judgment, ECF No. 165, and defendant Lotersztain has filed a cross motion for summary judgment, ECF No. 173. Defendant's motion should be granted and plaintiff's denied.

<u>Legal Standards</u>

      Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine

1 only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party,
2 while a fact is material if it "might affect the outcome of the suit under the governing law."
3 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818
4 F.2d 1422, 1436 (9th Cir. 1987).

5 Rule 56 allows a court to grant summary adjudication, also known as partial summary
6 judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim.
7 *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule
8 56 authorizes a summary adjudication that will often fall short of a final determination, even of a
9 single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a
10 motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R.
11 Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

12 Each party's position must be supported by (1) citations to particular portions of materials
13 in the record, including but not limited to depositions, documents, declarations, or discovery; or
14 (2) argument showing that the materials cited do not establish the presence or absence of a
15 genuine factual dispute or that the opposing party cannot produce admissible evidence to support
16 its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider
17 other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R.
18 Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist*., 237 F.3d 1026, 1031 (9th Cir.
19 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

20 "The moving party initially bears the burden of proving the absence of a genuine issue of
21 material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the
22 moving party must either produce evidence negating an essential element of the nonmoving
23 party's claim or defense or show that the nonmoving party does not have enough evidence of an
24 essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*
25 *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this
26 initial burden, the burden then shifts to the non-moving party "to designate specific facts
27 demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d
28 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than

the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## Background

Plaintiff alleges that in 2017, while plaintiff was incarcerated at the California Medical Facility ("CMF"), defendant Lotersztain, a physician, removed him from the OHU in retaliation for complaints he had filed against another provider.  ECF No. 18 at 3-10.  He further alleges that Lotersztain removed him from the care of specialists in the University of California San Francisco ("UCSF") neurology department.[1]  *Id.* at 10-11.

Between July and December 2017, defendant Lotersztain was a physician and surgeon at CMF.  ECF No. 173-3 at 2, ¶ 3.  She was plaintiff's primary care provider between August 10 and September 28, 2017.  *Id.* at 2, ¶ 4.  At the outset of that period, plaintiff was housed in the OHU, an area similar to an assisted living facility, where patients received assistance with basic activities of living like dressing, bathing, and eating.  *Id.*  Defendant states that space in the OHU is always in high demand, and discharges occur when and if a patient's required level of care

---

[1] The second amended complaint also brought other claims, but those were previously dismissed.  ECF Nos. 90 & 109.

3

changes. *Id.* at 2-3, ¶¶ 4-5.

Plaintiff suffers from three conditions: Benign Prostatic Hyperplasia, Syringomyelia with Chiari I Malformation, and Chronic Myelopathy. *Id.* at 3 ¶ 6. His Syringomyelia, a condition in which cysts form in the spinal cord, worsened in 2014 and led to his placement in the OHU. *Id.* at 3 ¶ 8. Plaintiff had surgery for the condition in 2015. He had annual appointments with UCSF in 2016 and 2017 so that he could receive imaging of the shunt that was placed during that procedure. *Id.* at 3-4 ¶ 8.

Plaintiff alleges that in July 2017, while he was still in the OHU, a nursing assistant named Dirisu developed an antagonism towards him and sought to have him removed from the unit. ECF No. 18 at 3-4.[2] Dirisu allegedly became verbally abusive of plaintiff, causing the latter to file a grievance against him. *Id.* After the grievance was filed, plaintiff alleges that Lotersztain used her authority on Dirisu's behalf and had plaintiff removed from the OHU. *Id.* at 4-5. Lotersztain also allegedly terminated the care he had been prescribed by the UCSF neurology department, including future follow-up care at that institution. *Id.* at 12. Days after his removal from the OHU, plaintiff was transferred to the RJ Donovan Correctional Facility. *Id.* at 19. He claims that, as a result of removal of OHU and Lotersztain's discontinuation of the UCSF-recommended care, he suffered headaches, pain to his neck and hands, and psychological problems. *Id.* at 7, 20.

## Analysis

Defendant's motion for summary judgment should be granted because the evidence establishes that defendant was not deliberately indifferent to plaintiff's serious medical needs. The retaliation claim against defendant also fails because the evidence shows that her actions were motivated by a legitimate penological purpose.

### I.     Deliberate Indifference

Defendant argues that plaintiff's removal from the OHU was medically justified. I agree. She notes that by April 2016, following his Syringomyelia surgery in 2015 and his ensuing

---

[2] Dirisu was previously a defendant in this action but was dismissed based on plaintiff's failure to exhaust administrative remedies against him. ECF Nos. 90 & 109.

physical therapy, he made a substantial recovery. ECF No. 173-4 at 18. A letter dated April 21, 2016, from Dr. Jacques at the UCSF department of neurology noted that "[plaintiff] has made an excellent recovery and may be discharged from physical therapy." *Id.* at 19. Plaintiff saw Dr. Jacques again in May 2017, and the record reflects that his balance was improved, he had a normal walking pattern, good strength in most of his muscles, and was "doing well" overall. *Id.* at 24. Plaintiff was discharged from physical therapy on August 3, 2017. *Id.* at 29. He saw defendant for the first time on August 17, 2017, and she noted that he was independent in the activities of daily life and able to exercise vigorously. *Id.* at 30-32. At a follow-up in September 2017, defendant determined that transfer to Specialized Outpatient housing was appropriate. *Id.* That level of housing still provided plaintiff with supportive nursing care, ground floor housing, and a lower bunk. ECF No. 173-3 at 5 ¶¶ 14, 22. The transfer also provided for yearly follow-ups at UCSF. *Id.* at 22.

      Based on the evidence, no reasonable finder of fact could find that defendant acted with deliberate indifference. It bears emphasis that deliberate indifference is more than negligence or medical malpractice; it requires a showing that the treatment defendant chose was medically unacceptable under the circumstances and undertaken in conscious disregard of an excessive risk to the patient's health. *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1081-82 (9th Cir. 2013) ("[T]he indifference to [a prisoner's] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this [claim]." Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.") (internal citations omitted); *Hamby v. Hammond*, 821 F.3d 1085, 1092, 2016 (9th Cir. 2016) ("[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health.") (internal quotation marks omitted) (quoting *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012)). Here, there was substantial medical evidence that plaintiff did not require the higher level of care offered in the OHU. That assessment was based not only defendant's observations and review of the data, but also that of the providers at UCSF. And plaintiff's transfer to Specialized Outpatient housing

5

1  recognized that he still had limitations that necessitated a level of care beyond that which was
2  afforded to inmates in the general population.
3  　　　Further, the evidence shows that defendant did not restrict or curtail plaintiff's access to
4  care at UCSF. As noted above, her decision to transfer him from the OHU still allowed for an
5  annual follow-up at UCSF. ECF No. 173-3 at 22. The discontinuation of that care in 2018 came
6  after defendant was no longer plaintiff's provider and after the contract between UCSF and the
7  California Medical Facility had ended. *Id.* at 6 ¶ 17; ECF No. 173-4 at 11-12 ¶ 45.
8  　　　Plaintiff argues that almost immediately after defendant removed him from OHU, a fall
9  necessitated re-entry to that level of care. ECF No. 180 at 2-3. This is not necessarily indicative
10 of deliberate indifference, however. At the time of the alleged fall, plaintiff was no longer in
11 defendant's care, having been transferred from the California Medical Facility to another
12 institution. ECF No. 173-4 at 7 ¶¶ 27-29. At most, this occurrence might indicate that defendant
13 erred in her medical judgment, but that is not sufficient to sustain a finding of deliberate
14 indifference.
15 　　　Plaintiff also argues that his condition was insidious, that his hands were useless, and his
16 legs were getting progressively weaker at the time defendant transferred him from the OHU.
17 ECF No. 180 at 2. As noted above, the medical evidence, both from defendant's observations
18 and from physicians at UCSF, suggests that, while plaintiff may have had issues with his grip, he
19 was otherwise doing well.
20 　　　Based on the foregoing, I find that defendant is entitled to summary judgment on
21 plaintiff's Eighth Amendment claims against her.
22 　　　　　　II.　　Retaliation
23 　　　Plaintiff's retaliation claim also fails. In order to succeed on a retaliation claim, a prisoner
24 must establish five elements: "(1) [a]n assertion that a state actor took some adverse action
25 against an inmate (2) because of (3) that prisoner's protected conduct, and that such action
26 (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not
27 reasonably advance a legitimate correctional goal." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th
28 Cir. 2009). Here, plaintiff's transfer from the OHU reasonably advanced a legitimate correctional

goal. As noted above, the medical evidence indicated that plaintiff did not require the higher level of care provided by the OHU. That level of care is limited to those patients who require it, because it is staff-intensive and expensive. ECF No. 173-3 at 2-3 ¶ 4. Courts have held that a prison's regulation of healthcare is a legitimate penological goal. *See Hicks v. Dotson*, 73 F. Supp. 3d 1296, 1303 (E.D. Wash. Dec. 22, 2014). Accordingly, defendant is entitled to summary judgment on this claim as well.

## Conclusion

Accordingly, it is RECOMMENDED that defendant's motion for summary judgment, ECF No. 173, be GRANTED, judgment entered in her favor, and plaintiff's motion for summary judgment, ECF No. 165, be necessarily DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     December 19, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7